**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE APPLICATION OF RICARDO BENJAMIN SALINAS PLIEGO & CORPORACION RBS S.A. DE C.V.** | **CIVIL ACTION NO. 1:24-MI-119-VMC-CCB** |

**ORDER**

This matter is before the Court for consideration of the *ex parte* application by Ricardo Benjamin Salinas Pliego and Corporación RBS S.A. de C.V. (RBS) (collectively, the Applicants) for leave to issue subpoenas under 28 U.S.C. § 1782, (Doc. 1), and the Applicants' motion for leave to file matters under seal, (Doc. 4). The Applicants seek both documents and deposition testimony from Aleksei Skachkov (a/k/a Alexi Skachov a/k/a Alexi Skachkov a/k/a Alexey Skachkov a/k/a Thomas Mellon a/k/a Thomas Astor-Mellon) and documents from Wells Fargo Bank N.A. Inc. & Company (Wells Fargo) and Discover Bank, Inc. (Discover) for use in proceedings currently pending in courts in England. (Doc. 1-1 at 1–2; *see also* Doc. 1-10). For the reasons stated below, the application, (Doc. 1), is **GRANTED**, and the motion for leave to file under seal, (Doc. 4), is **GRANTED**.

## I.  BACKGROUND

The discovery sought is for use in a proceeding captioned *Ricardo Benjamin Salinas Pliego & Another v Astor Asset Management 3 Limited & Others* (case no: CL-2024-000450), currently pending in the High Court of Justice, King's Bench Division, Business and Property Courts of England and Wales Commercial Court, which allegedly involves the theft of hundreds of millions of dollars through an international web of shell companies, bank accounts, and false identities (the English Action). (Doc. 1-1 at 2). In particular, and as set forth in a judgment issued in the English Action, various parties—including at least one person currently located in this District—engaged in an elaborate "stock-based lending scheme" to steal hundreds of millions of dollars from the Applicants. *Id.* The Applicants intend to use the discovery sought here in furtherance of the English Action both to establish liability against the defendants in that action and to assist in identifying and freezing proceeds of the fraud, tens of millions of dollars of which went to or through persons or entities located in this District. *Id*.

## II. LEGAL STANDARD

"Section 1782 is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

> A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met:
>
> (1) the request must be made "by a foreign or international tribunal," or by "any interested person";
> (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing";
> (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and
> (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)) (footnote omitted and formatting changed). While meeting these four statutory factors allows for judicial assistance, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Rather, a district court may exercise its discretion in considering the application by looking to four factors that the Supreme Court identified in *Intel*:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264–65) (formatting changed). This discretion should be exercised to promote the twin aims of the statute, namely "'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Dep't. of Caldas v. Diageo PLC*, 925 F.3d 1218, 1224 (11th Cir. 2019) (quoting *Intel*, 542 U.S. at 252); *see also In re Sergeeva*, No. 1:13-cv-3437-SCJ-RGV, 2013 WL 12169388, at *3 (N.D. Ga. Nov. 22, 2013).

4

**III.   ANALYSIS**

Each of the statutory requirements appear to have been met in this case. First, the request must be made by, among others, an "interested person." The Applicants are litigants in the English Action and, as such, they qualify as interested persons. *Intel*, 542 U.S. at 256; (*see also* Doc. 1-1 at 18).

Second, the request must be for testimonial or documentary evidence. Here, the Applicants seek documents and a deposition. (*See* Doc. 1-10).

Third, the evidence must be for use in a proceeding in a foreign tribunal. The Applicants state that they need the information to establish the underlying facts in the English Action and to enforce the freezing and proprietary injunction orders issued in the English Action. (*See* Doc. 1-1 at 19).

Finally, the parties from whom the discovery is sought must be found within the Northern District of Georgia. Courts within the Eleventh Circuit are not in complete agreement on what it means to be "found" within a district for purposes of section 1782, with some courts finding that "if an entity is personally served with a subpoena while physically present in this district . . . that person is 'found' within the district for purposes of § 1782," *In re Kurbatova*, No. 18-mc-

5

81554-BLOOM/Valle, 2019 WL 2180704, at *2 (S.D. Fla. May 20, 2019) (finding that an entity was "found" within the district where it maintained a registered agent located in the district who can accept service of process), while other courts look to general and personal jurisdiction to determine if an entity can be found in the district, *In re Inmobiliaria Tova, S.A.*, No. 20-24981-MC-COOKE/O'SULLIVAN, 2021 WL 925517, at *4–7 (S.D. Fla. Mar. 10, 2021) (finding that an entity was not found in the district where there was no general or personal jurisdiction over the entity). As to Mr. Skachkov, the Applicants allege that he lives in Canton, Georgia, which is within the Northern District of Georgia. (Doc. 1-1 at 15). The Applicants allege that Wells Fargo has a registered Georgia address and does business in this district and that Discover has a registered agent and does business in this district. *Id*. at 15, 20–21. At this *ex parte* stage, the Court finds that this is enough to allege that the parties from whom the discovery is sought may be found in this district for purposes of Section 1782. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (noting that the fourth factor, which the parties did not dispute, was met as

6

to an entity "which has an office and does business in Miami and is therefore" found in the Southern District of Florida).

The discretionary factors also weigh in favor of granting the application. First, Mr. Skachkov, Wells Fargo, and Discover are not participants in the foreign proceedings. (Doc. 1-1 at 21–22). The Supreme Court has held that "when the person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264.

Second, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *In re Clerici*, 481 F.3d at 1334. There is nothing in the record to indicate that the court in the English Action would not be receptive to this Court's assistance. (Doc. 1-1 at 22–23).

Under the third *Intel* factor, the Court must consider whether the Section 1782 request "attempt[s] to circumvent foreign proof-gathering restrictions or

7

other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65. The Applicants have stated that the discovery sought here does not circumvent any proof-gathering restriction or policies under English law, (Doc. 1-1 at 23–24), and the Court is aware of no evidence to the contrary.

Finally, the fourth discretionary factor requires the Court to consider whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. A review of the discovery requests does not suggest that they are unduly intrusive or burdensome. (*See* Doc. 1-10). However, this application is being considered *ex parte*, and the parties from whom discovery is sought are free to object to any component of the discovery encompassed within the subpoena as they see fit. For present purposes, the Court finds that this discretionary factor—like the first three—weighs in favor of granting the application.

IV. **MOTION TO SEAL**

The Applicants move to seal an attachment to their application for leave to issue subpoenas under 28 U.S.C. § 1782 that contains financial records, as well as to seal certain statements in their application and its attachments that reference those financial records. (Doc. 4). The Applicants note that the financial records

8

they seek to seal were produced by JPMorgan Chase Bank, N.A. in a separate Section 1782 action and include financial and bank account information about third parties. (Doc. 4-1 at 1–2).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "The common law right of access may be overcome by a showing of good cause," which requires balancing the public's right of access against the party's interest in keeping the information confidential. *Id.* at 1246.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.*

Having considered the factors above, the undersigned finds that the third parties' privacy interest in their financial records outweighs the public's interest

in accessing these court records. *See Darden v. Experian Info. Sols., Inc.*, No. 1:22-CV-0896-CAP-JSA, 2024 WL 489442, at *9 (N.D. Ga. Jan. 24, 2024) (finding that "there is generally no public right of access" to "personal sensitive information . . . such as an individual's home address, social security number, birth date, or financial account number"). Accordingly, the Applicants' motion for leave to file under seal, (Doc. 4), is **GRANTED**. The Clerk is **DIRECTED** to seal Doc. 3 and its attachments.

## V.   CONCLUSION

For the reasons discussed above, the Section 1782 application, (Doc. 1), is **GRANTED**. The Applicants may issue subpoenas consistent with those set forth at Doc. 1-10. The motion for leave to file under seal, (Doc. 4), is **GRANTED**, and the Clerk is **DIRECTED** to seal Doc. 3 and its attachments.

There is nothing further pending in this matter, and the Clerk is **DIRECTED** to close the case.[1]

---

[1] As noted above, the parties from whom the discovery is sought remain free to challenge any component of the discovery authorized by this order. The fact that the case will be closed does not prevent them from seeking any necessary relief.

**IT IS SO ORDERED,** this 12th day of February, 2025.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE